IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GENEEN PRYOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. WMN 00-CV-2601 |
| | ) | |
| MCI WORLD COM | ) | |
| COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STIPULATION AND PROTECTIVE ORDER REGARDING
PRODUCTION AND USE OF CONFIDENTIAL INFORMATION**

Defendant, MCI WorldCom Communications, Inc. ("Defendant"), and Plaintiff, Geneen Pryor, by their undersigned counsel, submit this Joint Stipulation and Protective Order Regarding Production and Use of Confidential Information for approval by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The parties agree to and shall be governed as follows:

1. This Protective Order governs the handling of designated discovery material produced in this case. Discovery material includes documents, interrogatory answers, responses to requests for production, responses to requests for admission, deposition testimony, and other written, recorded, or graphic matter produced by any party or non-party. For purposes of this Protective Order, "Confidential Information" includes any and all trade secrets or other confidential research, development, commercial, or financial information in accordance with Rule 26(c)(7) of the Federal Rules of Civil Procedure, personnel files and related documents, and all documents otherwise designated as "CONFIDENTIAL" under this Protective Order.

2. Plaintiff and her counsel are prohibited from making copies of any Confidential Information, or portion thereof, except for use in this litigation. Confidential Information shall be held in strictest confidence, shall be kept securely, and shall be used solely for the purpose of prosecution or defense of this litigation and not for any other purpose.

3. Any party may designate as "CONFIDENTIAL" any document, writing, transcript, or other information produced through formal or informal discovery or otherwise in the course of this litigation by stamping the word "CONFIDENTIAL" on such document. Such designation shall, without more, subject the information produced to the provisions of this Protective Order.

4. Portions of any transcript mentioning, quoting, or referring to Confidential Information may be designated as "CONFIDENTIAL." Confidential Information used as exhibits at depositions shall be sealed. Should Defendant desire to designate as "CONFIDENTIAL" any portion of a deposition transcript referring to or mentioning Confidential Information, Defendant will have fourteen (14) calendar days from receipt of the transcript in which to designate the specific pages and lines of the transcript as "CONFIDENTIAL." If Defendant does not designate any portion of the transcript as "CONFIDENTIAL" within fourteen (14) calendar days, no portion of the transcript is confidential, unless otherwise agreed to by both parties. Until the expiration of the fourteen (14) calendar day period of time to make "CONFIDENTIAL" designations, the entire transcript shall be treated as confidential.

5. Confidential Information and any documents designated "CONFIDENTIAL" shall be made available only to "Qualified Persons" who, in addition to any applicable requirements set forth below, must read and be advised by Plaintiff's counsel to abide by this Protective Order

under the penalty of contempt of court (excepting the Court and officers of the Court). No other person shall have access to Confidential Information without approval of the parties or without approval of the Court, nor shall any such other person be informed of such Confidential Information by any person having access to it. "Qualified Persons" as used herein means: (a) counsel for the parties, and their co-counsel, partners, associates, and employees who actually are assisting in the litigation; (b) experts and consultants retained or employed to consult with, advise, or assist counsel in the preparation or trial of this litigation; (c) the parties; (d) the Court and officers of the Court; and (e) deposition witnesses in accordance with the provisions of this paragraph. Confidential Information or any document designated "CONFIDENTIAL" may be made available to any prospective deposition witness only at his/her deposition and only after he/she has read and agreed on the record to be bound by the provisions of this Protective Order.

6. Plaintiff's counsel shall be responsible for limiting distribution of Confidential Information to those persons who: (i) have a need to know the information; and (ii) are authorized to receive the information under this Protective Order. Plaintiff's counsel shall be prepared to account for the disposition and use of the Confidential Information by those persons. Qualified Persons and present or former employees of Defendant who testify at a deposition receiving Confidential Information shall be advised by Plaintiff's counsel that they must not reveal or discuss Confidential Information to or with any person who is not a Qualified Person under this Protective Order.

7. In the event that a party wishes to file with the Court any Confidential Information in this litigation, such Confidential Information shall be filed under seal pursuant to Local Rule 105.11, unless that requirement is waived by the other party. The party filing any Confidential

Information shall simultaneously submit a motion and accompanying order, which includes: (a) the proposed reason(s) supported by specific factual representations to justify the sealing; (b) an explanation why alternatives to sealing would not provide sufficient protection; and (c) a provision permitting the Clerk of Court to return to the filing party's counsel or to destroy any sealed material at the conclusion of this action as defined in paragraph 9.

8. Confidential Information used as exhibits at trial shall be handled in accordance with the requirements and procedures of the Court.

9. After the conclusion of this action, the restrictions on communications and disclosure provided for in this Protective Order shall continue to be binding upon the parties and all other persons in paragraph 5 who are bound by this Protective Order. All documents covered by this Protective Order, and any copies of such documents, that were produced to Plaintiff and/or her counsel or that are in Plaintiff's or her counsel's possession for whatever reason, shall be returned to Defendant's counsel or destroyed within seven (7) days after the conclusion of this action. The Court retains jurisdiction following the conclusion of this action to enforce this Protective Order and to make such amendments, modifications, and/or additions to this Protective Order as the Court may from time to time deem appropriate. The "conclusion of this action" means the exhaustion of available appeals or the settlement of the underlying action pending in the United States District Court for the District of Maryland.

10. Disputes arising under this Protective Order shall be resolved by the United States District Court for the District of Maryland.

11. No part of the restrictions imposed by this Protective Order may be terminated, except by a writing executed by counsel of record for both parties or by an order of the Court.

12. Any violation of the terms of this Protective Order shall subject the violator to sanctions as determined by the Court. Counsel for the parties shall not be subject to sanctions for any violation of this Protective Order unless counsel caused or directed the violation to occur.

Dated: 12/4, 2000                                   Respectfully submitted,


_____                       _____
Norris C. Ramsey                                    James E. Macklin (admitted pro hac vice)
2122 Maryland Avenue                                Associate Litigation Counsel
Baltimore, Maryland 21218                           MCI WORLDCOM, Inc.
(410) 752-1646                                      1133 19th Street, N.W.
                                                    Washington, D.C. 20036
Attorney for Plaintiff                              (202) 736-6429
                                                    Facsimile (202) 736-6346

                                                    _____
                                                    Brooks R. Amiot (12148)
                                                    PIPER MARBURY RUDNICK & WOLFE LLP
                                                    6225 Smith Avenue
                                                    Baltimore, Maryland 21209-3600
                                                    (410) 580-3000

                                                    Attorneys for Defendants


                              *    *    *


SO ORDERED this 5th day of December, 2000.


                                                    _____
                                                    William M. Nickerson
                                                    United States District Judge